# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

|                              |   |                      |
|---|---|---|
| In re:                       | ) | Chapter 11           |
|                              | ) | Case No.  11-13958   |
| J.J. DONOVAN AND SONS, INC., | ) |                      |
|                              | ) |                      |
| Debtor.                      | ) |                      |

## MEMORANDUM OF DECISION

Before the Court is a "Motion For Leave to File Statement of Claim for Administrative Expense Pursuant to 11 U.S.C. Section 503(b)(9)" (the "Motion") filed by A.L. Prime Energy Consultant, Inc. ("Prime").  This case presents an issue of first impression in this Circuit:  whether a bankruptcy court has the discretion to allow the *late* filing of a request for payment of a claim asserting priority under § 503(b)(9) of the Bankruptcy Code (a "§ 503(b)(9) claim").[1]

I.    FACTS AND POSITIONS OF THE PARTIES

J.J. Donovan and Sons, Inc. (the "Debtor") owns and operates a fuel terminal.  The Debtor delivers fuel and services heating equipment.  Between April 11 and April 20, 2011, the Debtor ordered deliveries of fuel oil from Prime. A little over a week later, on April 29, the Debtor filed its voluntary Chapter 11

---

[1] All references to the "Bankruptcy Code" or to Code sections are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*; all references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure; and all references to "Local Rule" are to the Massachusetts Local Bankruptcy Rules, which were promulgated effective December 1, 2009 and remain current.

1

petition. The § 341(a) meeting of creditors was originally scheduled for June 6, but was not held on that date. Prime filed the instant motion 65 days after that first date set for the § 341 meeting and 5 days after the deadline set by Local Rule 3002-1 for filing § 503(b)(9) claims. By its Motion, Prime requests the allowance of its late filed claim.

In response to Prime's Motion, Gulf Oil Limited Partnership ("Gulf") and the Chapter 11 Trustee timely filed an Opposition and Objection, respectively. At the hearing on the Motion, Gulf and the Chapter 11 Trustee contested both the characterization of Prime's claim as entitled to priority under § 503(b)(9) as well as the Court's ability to permit the late filing of any § 503(b)(9) claim. At the conclusion of the hearing, the Court articulated generally the two issues presented—the second conditioned upon the first: (1) whether the § 503(b)(9) claim filing deadline set forth in Local Rule 3002-1 is subject to extension for excusable neglect; and (2) whether Prime has shown excusable neglect. The first question was taken under advisement and an evidentiary hearing on the second was set tentatively for January 6, 2012 pending the Court's finding that the deadline *can* be extended for excusable neglect. The parties submitted further memoranda in support of their positions.

Prime relies on the introductory language of Local Rule 3002-1 to support its position that the Court has the discretion to extend the 60-day deadline for excusable neglect. Prime reads the introductory phrase, "[u]nless the Court orders otherwise…" as granting the Court the discretion to allow late filed § 503(b)(9) claims. In addition, Prime notes that where, as with § 503(b)(9), there

2

is no articulated filing deadline within a provision of the Bankruptcy Code or the Bankruptcy Rules, Bankruptcy Rule 9006(b)(1) provides courts who have set deadlines the corresponding discretion to enlarge them for good reason. Finally, Prime analogizes to the case of <u>Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership</u>, 507 U.S. 380 (1993), where the Supreme Court read Rule 9006(b)(1) to permit a bankruptcy court the discretion to allow a late filed proof of claim in a Chapter 11 case upon a showing of the claimholder's excusable neglect.

Gulf, on the other hand, reads the same introductory language of Local Rule 3002-1 differently. In its interpretation, the words "[u]nless the Court orders otherwise…" refers not to the Court's ability to allow a late filed claim, but to the Court's ability to set a different *initial* deadline. Gulf argues that the Court is limited to extending deadlines only *before* the expiration of the deadline and cites to <u>In re Erving Industries, Inc.</u>, 432 B.R. 354 (Bankr. D. Mass. 2010)—where this Court granted a motion to extend the filing deadline for administrative claims *prior* to the expiration of the 60-day deadline. <u>See</u> Case No. 09-30623-HJB, Docket No. 118. Here, the Court was not asked to change the default deadline in Local Rule 3002-1 before its expiration; accordingly, Gulf argues, the Local Rule's introductory phrase is inapplicable. And in further support of its proposition that the introductory phrase of the Local Rule is limited in scope, Gulf points to the Supreme Court's directive in <u>Howard Delivery Service, Inc. v. Zurich American Insurance Co.</u>, 547 U.S. 651, 667 (2006) that priority statutes should be narrowly construed.

3

Relying solely on what he claims to be the "clear, unambiguous" language of the Local Rule, the Chapter 11 Trustee contends that the 60-day deadline is mandatory and therefore any late filed request for an allowance of a § 503(b)(9) claim must be denied, with no exceptions available.

II.   DISCUSSION

   A.  The Relevant Provisions

Section 503(b) lists those claims eligible for administrative expense status. One such claim is:

> the value of any goods received by the debtor within 20 days before the date of commencement of the case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

§ 503(b)(9). While the Bankruptcy Code and the Bankruptcy Rules are silent as to when such a claim must be filed, Local Rule 3002-1 fills the void:

> RULE 3002-1.  DEADLINE FOR ASSERTING ADMINISTRATIVE CLAIMS PURSUANT TO 11 U.S.C. § 503(b)(9); RECLAMATION OF GOODS
>
>     Unless the Court orders otherwise, any request for allowance of an administrative expense for the value of goods delivered to a debtor in the ordinary course of the debtor's business within twenty (20) days prior to the commencement of a case pursuant to 11 U.S.C. § 503(b)(9) shall be filed with the Court, in writing, within sixty (60) days after the first date set for the meeting of creditors pursuant to 11 U.S.C. § 341(a).  Failure to file such a request for allowance within the time period specified in this Rule will result in denial of administrative expense treatment for such claim.

Mass. Local Bankr. R. 3002-1.

4

Bankruptcy Rule 9006 governs the computation, enlargement and reduction of time periods specified in other bankruptcy rules as well as "in the Federal Rules of Civil Procedure, *in any local rule* or court order, or in any statute that does not specify a method of computing time." Fed. R. Bankr. P. 9006(a) (emphasis supplied). Subdivision (b) of the Rule instructs as to when and how those time periods may be *enlarged*:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Id. at 9006(b)(1).

### B.  The Interplay of the Relevant Rules

The disposition of the issue presented requires no more than a careful examination of Local Rule 3002-1 and Bankruptcy Rule 9006. Admittedly, Local Rule 3002-1 could have been better phrased to avoid any confusion. But a close reading of the Local Rule provides sufficient data to mine its meaning. The essence of the Local Rule is that a party must file a request for allowance of a § 503(b)(9) claim within 60 days of the first date set for the § 341 meeting. See Local Rule 3002-1. And if the claimholder fails to meet the deadline, the priority is lost. Id.

However, the deadline set forth in Local Rule 3002-1 contains an exception within its terms.  By the words "[u]nless the Court orders otherwise," it was intended that the Court have sufficient flexibility to alter the default 60-day deadline set forth in the Local Rule for good reason.  Gulf and the Chapter 11 Trustee argue that the reservation of discretion set forth in the Local Rule refers to the setting of the initial deadline and not to a post-deadline extension.  The Court has to agree.  Local Rule 3002-1 was intended to provide the estate representative with as much certainty as possible with respect to those claims which would be entitled to priority from estate assets.  Accordingly, Local Rule 3002-1 offers a default deadline which the Court can, by its order, alter as case circumstances dictate.  But the certainty to which the Local Rule aspires would vanish were the Court to feel free under the same Local Rule to extend an expired deadline, irrespective of the reason for the late filing or without weighing any prejudice to the estate.

Gulf and the Trustee are wrong, however, in their contention that the language of Local Rule 3002-1 is impervious to the impact of Rule 9006(b). Bankruptcy Rule 9006(a) and (b) supplement Local Rule 3002-1, explicitly granting courts discretion to allow all manner of late filings, except where specifically prohibited. Bankruptcy Rule 9006(a) provides, in relevant part, that Rule 9006(b) applies "in computing any time period specified … *in any local rule … or in any statute that does not specify a method of computing time*." (emphasis supplied).  And Bankruptcy Rule 9006(b) provides, *inter alia*, that except for those specified Bankruptcy Rules set forth in Bankruptcy Rules 9006(b)(2) and

6

(3) (none of which are here applicable), the Court may, in its discretion, enlarge the time by which an act is done—even after expiration of the deadline, "if the failure to act was the result of excusable neglect." Id.

By way of illustration, in Pioneer, the Supreme Court read Bankruptcy Rule 9006(b)(1) to give bankruptcy courts broad discretion to allow late filed proofs of claim in Chapter 11 cases, where the failure to timely file the claim was the result of excusable neglect:

> [B]y empowering the courts to accept late filings 'where the failure to act was result of excusable neglect,' Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.

Pioneer, at 390 (quoting, Rule 9006(b)(1)). While the Pioneer case involved a late filed proof of claim and not a late filed request for payment under § 503(b)(9), nothing in Bankruptcy Rule 9006(b) would appear to limit its application to certain kinds of claims. "The time-computation and time-extension provisions of Rule 9006 … are generally applicable to any time requirement found elsewhere in the rules unless expressly excepted." Id. at n. 4. See also, West Delta Oil Co. v. HOF, 2002 WL 506814, *4 (E.D. La. March 28, 2002) (" [A] bankruptcy court may permit late administrative claims either for cause, under section 503(a), or upon motion where there was 'excusable neglect' for missing the deadline, pursuant to Rule 9006(b)") (citing, inter alia, In re Gurley, 235 B.R. 626, 631-32 (Bankr. W.D. Tenn. 1999) ("The Bankruptcy Code specifies no time for the filing of requests for reimbursement of administrative expenses, thus it is left to the discretion of the bankruptcy judge to set a deadline for filing such requests")); In re PT-1

7

Communication, Inc., 403 B.R. 250, 559 (Bankr. E.D. N.Y. 2009) ("[A] Court may allow a late filed request for administrative expense payment if the creditor establishes that the failure to timely file the request was due to excusable neglect") (citing, Rule 9006(b)(1)).

III.    CONCLUSION

For the foregoing reasons, this Court concludes that, while Local Rule 3002-1 affords the Court with the flexibility to set the deadline for the filing of § 503(b)(9) claims, Bankruptcy Rule 9006(b) permits the Court to allow such a claim after the deadline, upon a showing of the claimant's excusable neglect.

Of course, Prime's work is not over. It now has the burden of showing that the failure to timely file its claim *was* the result of excusable neglect.

The Court will issue an Order in conformance with this Memorandum of Decision.

DATED:  December 22, 2011            By the Court,

_[signature: Henry Jack Boroff]_

                                              Henry J. Boroff
                                              United States Bankruptcy Judge